Reese, J.
delivered the opinion of the court.
We deem none of the errors in this case assigned upon the record, or in argument, as meriting discussion, except the refusal of the circuit court to continue the cause upon the grounds stated in the affidavit of the defendant; and with respect to that, the only proper inquiry for us is, whether those *197 grounds are sufficiently material to constitute good cause foi* the postponement of the trial?
To respond correctly to this inquiry, it is our duty to limit our view of the case to the character of the offence charged in the indictment, and to the aspect of the defensive grounds set forth in the affidavit, as bearing upon that offence; and we are not at liberty to look into the proof upon the trial as exhibited in the bill of exceptions. Considering the question in this view, we are of opinion that the affidavit did contain sufficient grounds for the continuance of the cause. But as was said by us, in the case of Gray vs. The State, 10 Yer., we regard the supervisory control of this court, over the legal discretion of the circuit courts in the application and enforcement of their rules for the conduct of causes before them, as of very delicate character, exacting from us, the utmost caution and circumspection, and to be exerted neither frequently, nor upon slight grounds. If, therefore, the circuit court had merely refused to continue the cause upon the ground of the insufficiency of the affidavit, we should have hesitated long before we would, for that reason, have reversed the judgment. But the record manifests that the circuit court thought as we do, that the affidavit was sufficient, and refused to continue the cause, because the attorney general offered tc admit, not that the facts stated in the affidavit were true, but that the witnesses there mentioned, would, if present, testify as stated by the defendant.
In the case referred to in 10 Yerger, we say, that the practical operation of such an arrangement upon the rights and the fate of the defendant must often, if not always, be perfectly illusory. We now go further than the intimation contained in that case, and say, that when the admission of the counsel for the state, is not merely that the witnesses would testify as stated, but that the facts are true as set forth in the affidavit, such admission should not preclude the defendant, in a criminal case, from his constitutional right of having the witnesses personally present at the trial.
It were needless to urge upon practical and enlightened minds, the difference, in point of legitimate effect, between *198 the personal presence of candid and respectable witnesses, who testify to facts in their detail, ramification and bearing, and the general admission of these by an attorney general, little impressing, perhaps, the minds of the jury, and constituting, as to its extent and bearing, a fruitful source of difficulty and dispute.
It were needless to urge how suehfa practice would tempt the unfortunate defendant, if he must forego the advantage of the personal attendance of his witnesses, to seek an undue equivalent, by amplifying, at the hazard of perjury, the statement in his affidavit, so as to obtain the broadest possible admission from the state. In every view, therefore, as it regards the rights of the defendant, and the safe, equal and pure administration of justice, the practice referred to is improper and erroneous.
Let the judgment be reversed and a new trial be granted'.